IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth McMillan, et. al.<br><br>  Plaintiffs,<br><br>v.<br><br>Marriott Vacation Club International, et al.,<br><br>  Defendants. | No. CV-19-00466-TUC-JGZ<br><br>**ORDER** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management Conference is set for **Tuesday, January 14, 2020 at 1:30 p.m.** at the Evo A. DeConcini Courthouse, 405 W. Congress St., Tucson, AZ 85701, in Courtroom 5B before the Honorable Jennifer G. Zipps.

In preparation for the Scheduling Conference, **IT IS ORDERED** as follows:

A.   MANDATORY INITIAL DISCOVERY PILOT PROJECT

The Court is participating in the Mandatory Initial Discovery Pilot Project ("MIDP"). The MIDP was approved by the Judicial Conference of the United States and has been implemented in this District by General Order 17-08. The MIDP applies to all civil cases filed on or after May 1, 2017, other than cases listed in Rule 26(a)(1)(B), actions under the Private Securities Litigation Reform Act ("PSLRA"), and cases transferred for consolidated administration in this District by the Judicial Panel on Multidistrict Litigation. The discovery obligations in the MIDP supersede the disclosures required by Rule 26(a)(1) and are framed as court-ordered mandatory initial discovery. Unlike initial disclosures

required by current Rule 26(a)(1)(A) & (C), the MIDP does not allow parties to opt out. Thus, if your case was filed after May 1, 2017, and does not fall within one of the exceptions identified above, you must comply with the discovery obligation of the MIDP. You should have received a notice regarding the pilot project when your case was filed or you were served, and you should already be complying with the MIDP. Resources related to the MIDP are available on the Court's website and on the Federal Judicial Center website.

B.  RULE 26(f) MEETING AND DISCOVERY PLAN

The parties are directed to Rule 16, Fed. R. Civ. P., for the objectives of the conference. At least one of the attorneys for each party attending the conference shall have the authority to enter into stipulations and make admissions regarding all matters which may be discussed.

The parties are directed to confer at least 21 days before the conference, in accordance with Rule 26(f), Fed. R. Civ. P., to discuss the following matters:

1. The possibility of consent to a United States Magistrate Judge to conduct any or all proceedings pursuant to 28 U.S.C. § 636(c), the suitability for referral of this matter for alternative dispute resolution, or the referral of this matter to a special master;
2. Any matters relating to jurisdiction or venue or the joinder of additional parties;
3. The nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case;
4. A schedule of all pre-trial proceedings;
5. Modification of pre-trial procedures due to the simplicity or complexity of the case;
6. The sufficiency of the initial discovery responses provided in accordance with the Court's General Order 17-08;
7. Any other matters which counsel may feel will help dispose of the matter in an efficient matter, and;

       8. Development of a Proposed Discovery Plan.

C.     THE PARTIES' JOINT REPORT

Counsel shall file with the Court, on or before **January 7, 2020**, a Joint Report reflecting the results of their meeting and outlining the discovery plan. It is the responsibility of Plaintiffs' counsel to initiate the communication necessary to prepare the Joint Report. Willful failure to comply will result in the imposition of sanctions. The report shall include individually numbered brief statements indicating:

1. The nature of the case, setting forth in a brief statement the factual and legal basis for Plaintiffs' claims and Defendants' defenses;
2. A list of the elements of proof necessary for each count of the complaint and each affirmative defense.  Where the burden of proof shifts, each party shall list the elements of proof that party must prove in order to prevail. The list of the elements of proof must contain citations to relevant legal authority (*i.e.*, United States statutory and/or administrative law, United States Supreme Court cases, Ninth Circuit Court of Appeals case law, State of Arizona case law and statutory law, or other authority as dictated by the conflicts of law rules);
3. The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions;
4. The jurisdictional basis for the case, describing the basis for the jurisdiction and citing specific jurisdictional statutes;
5. The parties, if any, that have not been served, as well as parties which have not filed an answer or other appearance. Unless counsel can otherwise show cause, the joint report shall be accompanied by a stipulation and a form of order dismissing any party which has not been served, or a motion seeking default on any non-appearing party;
6. The names of parties not subject to the Court's jurisdiction;
7. Whether there are dispositive or partially dispositive issues to be decided by pre-trial motions and legal issues about which any pretrial motions are contemplated;

8. If the parties anticipate filing cross-motions for summary judgment, whether an abbreviated briefing schedule comprised of: (1) a motion, (2) a response / cross-motion, (3) a response to cross-motion / reply and (4) a reply to cross-motion is feasible and if so, proposed page limitations and filing deadlines for each brief;
9. Whether the case is suitable for reference to arbitration, to a special master, or to a United States Magistrate Judge;
10. The status of related cases pending before other judges of this court or before other courts and whether it is appropriate for any matters to be consolidated pursuant to LRCiv 42.1(b);
11. Suggested changes, if any, in the limitations on discovery imposed by Rule 26(b)(2), Fed. R. Civ. P.;
12. The scope of discovery, when discovery should be completed, and whether discovery should be conducted in phases or should be limited to or focused upon particular issues. For example, where dispositive motions will be filed (*e.g.*, motions for summary judgment or a defense relying on the statute of limitations), counsel should consider limiting discovery to the issue at hand until the Court has ruled on the motion;
    a. The extent, nature, and location of discovery anticipated by the parties;
    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2;
    c. The number of hours permitted for each deposition, unless extended by agreement of the parties.
13. A statement of when the parties served their MIDP discovery responses and a discussion of the parties' compliance to date with the MIDP, whether any issues have arisen under the MIDP, and, if issues have arisen, a description of those issues so the Court may resolve them at the Rule 16 conference. If the Rule 26(f) joint report raises MIDP issues for the Court to resolve, copies of the parties' MIDP disclosures should be attached to the report.

14. A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced (*see* Rules 16(b)(3), 26(f)(3));
15. A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(3), 26(f)(3));
16. Proposed deadlines for the management of this case.  Proposed deadlines shall include:
    a. Exchange of MIDP disclosures, if they have not already occurred;
    b. Addition of parties or amendment of complaint;
    c. Disclosure of witnesses;
    d. Disclosure of initial expert testimony and rebuttal expert testimony pursuant to Rule 26(a)(2), Fed. R. Civ. P.;
    e. Discovery (if the parties believe that discovery will require more than 180 days, counsel MUST provide an explanation showing why, in the instant case, a lengthier period for discovery is necessary);[1]
    f. Filing dispositive motions;
    g. Filing of the joint proposed pretrial order, and;
    h. Filing of joint settlement status reports.

    **Attached to this Order is a list of the Court's presumptive deadlines for a case such as this.  If the parties' proposed deadlines substantially differ from the Court's presumptive deadlines, the parties shall explain the basis for the deviation.**
17. Counsel shall disclose what evidentiary hearings, such as *Daubert*, will be required and when such hearing shall be held;
18. Estimated date that the case will be ready for trial, the estimated length of trial,

---

[1] The discovery deadline will also be the deadline for final supplementation of discovery responses under the MIDP. General Order 17-08 requires parties to timely supplement their MIDP responses as new information is discovered.  Parties who fail to timely disclose relevant information will be precluded from using it in the case and may be subject to other sanctions. Parties who unreasonably postpone disclosure of relevant information to the end of the discovery period will also be subject to sanctions.

and any suggestions for shortening the trial;

19. Whether a jury trial has been requested and whether the request for jury trial is contested;

20. The prospects for settlement, specifically addressing the parties' wishes for a settlement conference and addressing any other way the Court can facilitate settlement;

21. In class actions, the proposed dates for class certification proceedings and other class management issues. Such certification will result in the case being reassigned to the complex track for case management purposes;

22. Any unusual, difficult, or complex problems affecting the conduct of the case or which would require the case to be placed on the complex track for case management purposes pursuant to LRCiv 16.2(b)(4), and;

23. Any suggestions to expedite the disposition of this matter.

After the conference, the Court will enter a Scheduling Order limiting the time within which counsel may file pre-trial motions, complete discovery, and file the proposed pre-trial order. To the extent that the Court's Scheduling Order differs from the parties' proposed schedule, the provisions of the Court's Order shall supersede the parties' proposed schedule and shall control the course of the action unless modified by subsequent Order.

**IT IS FURTHER ORDERED** that all parties are expected to comply with Rule 26, Fed. R. Civ. P., and to minimize the expense of discovery. Counsel should ensure that all filings comply with LRCiv 7.1 and 7.2. The parties and their counsel are cautioned that the deadlines set in the Court's Scheduling Order shall be strictly enforced. This Court views this Scheduling Conference as critical to its case management responsibilities and the responsibilities of the parties under Rule 1, Fed. R. Civ. P.

**IT IS FURTHER ORDERED** that if any counsel wishes to appear telephonically, counsel must notify the Court on or before **January 7, 2020** by contacting chambers at (520) 205-4610.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Proceed to the Next Step in this Litigation (Doc. 28) is DENIED as Moot.

Dated this 20th day of November, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge

## **Presumptive Rule 16 Deadlines**

Case Name & Number:    4:19-00466, McMillan, et. al. v. Marriot Vacation Club International, et. al.

Date:    January 14, 2020 at 1:30 p.m.

Plaintiff Counsel appearing:

Defense Counsel appearing:

| **Deadline** | **Standard Deadline** | **Presumptive Case Deadline** |
| --- | --- | --- |
| MIDP Disclosures | 30 days after answer | Plaintiffs:  11/15/19<br>Marriott Vacation Club Int'l:  12/9/19<br>Equifax Info. Servs, LLC:  11/15/19<br>Experian Info. Sols., Inc.:  12/16/19 |
| Amend Complaint | 2 months from date of scheduling conference | 3/16/20 |
| Fact/ Lay Witnesses | 4 months from date of scheduling conference | 5/14/20 |
| Plaintiff's Expert Witnesses | 3 months from date of scheduling conference | 4/14/20 |
| Defendants' Expert Witnesses | 4 months from date of scheduling conference | 5/14/20 |
| Plaintiff's Expert Rebuttal | 5 months from date of scheduling conference | 6/15/20 |
| Discovery Deadline | 6 months from date of scheduling conference | 7/14/20 |

| Deadline | Standard Deadline | Presumptive Case Deadline |
|---|---|---|
| Dispositive Motion Deadline | 7 months from date of scheduling conference | 8/14/20 |
| Anticipated Cross-motions for summary judgment and possible abbreviated briefing schedule | Notify court if cross-motions will be filed 3 weeks before dispositive motion deadline | Notify[1] 7/23/20 |
| Pretrial Order | 7 months from date of scheduling conference; if dispositive motions are filed, then 30 days after resolution of dispositive motions | 8/14/20 |
| Settlement Status Report | 120 days after scheduling conference and every 90 days thereafter | 5/13/20 and every 90 days thereafter |

---

[1] In the event that the parties file cross-motions for summary judgment, the parties shall file a joint notice with the Court that includes a proposed briefing schedule. The Court's recommended briefing schedule is as follows: an opening motion filed on or before the dispositive motion deadline; response / cross-motion deadline within 30 days of the date the opening brief is filed; reply / response brief deadline with 15 days of the date the response / cross-motion is filed; and a reply from the responding / cross-moving party within 15 days of the date the reply /response is filed.